[Civ. No. 6282.  Second Appellate District, Division One.—January 13, 1931.]

F. A. WRIGHT et al., Respondents, v. OLIVER H. SCHAAF et al., Appellants.

W. P. Butcher for Appellants.

Charles W. Engelbertson for Respondents.

HOLLZER, J., *pro tem.*—In 1923 the plaintiffs, trustees of an express trust, filed in the office of the county recorder of Santa Barbara County, being the county in which they were transacting business, the declaration of trust under which they were operating. At the same time they filed in the office of the county clerk of said county a certificate, duly acknowledged, to the effect that as trustees of said trust they were transacting business under the fictitious name of County Finance Company. Said certificate set

88

forth the name of each of the plaintiffs, also their respective residences, and was published once a week for four successive weeks during 1923 in a newspaper of general circulation published in said county. An affidavit of said publication was likewise filed in the office of said county clerk. By the terms of said declaration of trust plaintiffs as trustees were given not only the legal title to, but also unconditional power, control and discretion as if absolute owners, in acquiring, operating and disposing of the trust estate, including the power to sell beneficial shares, and also to determine what, if any, dividends were to be paid; the power of the trustees being subject only to the obligation to render an annual account to the beneficiaries.

At all times mentioned herein defendant Schaaf was engaged in business under the name Hitchcock Motor Company. On April 4, 1925, defendant entered into a conditional sales contract with one Weber, pursuant to which the latter agreed to purchase an automobile for $1107.75, payable in certain installments. On the same day defendant assigned this contract to plaintiffs by an instrument in writing, under which the defendant guaranteed payment of all moneys owing upon said contract, including reasonable attorney's fees, also waived presentment for payment, demand, protest and nonpayment, also agreed that, in case of nonpayment, suit might be brought against defendant without joining the purchaser of the automobile, and further agreed that the defendant's rights and privileges should not be those of a surety or guarantor or an indemnifier, but that his obligation to the plaintiffs should be deemed absolute and unconditional, and should be enforceable even though the plaintiffs' right to enforce said contract against the purchaser be suspended or impaired.

On October 4, 1925, Weber defaulted, leaving a balance of $453.75 due and unpaid. Shortly thereafter plaintiffs notified the defendant of such default and demanded payment of said balance, but nothing has been paid thereon.

Weber having disappeared with the automobile, the plaintiffs, who had insured the same against loss through embezzlement, made a claim against the insurance company for the balance owing to them. The insurance company refused to pay the same, claiming that no embezzlement had been committed.

However, in May, 1926, the insurance company secured possession of the automobile and offered to deliver the same to the plaintiffs, but the latter refused to accept it. The plaintiffs at no time informed the defendant that the insurance company had located the automobile, nor did the defendant inquire of the plaintiffs as to the whereabouts of the car. About a year after the insurance company had located the car, defendant ascertained its whereabouts, at which time the automobile had depreciated in value to the extent of about $400.

The trial court rendered judgment in favor of the plaintiffs for the balance owing on Weber's contract, plus interest and attorney fees in the additional sum of $100. On this appeal the defendant contends:

''1. That plaintiffs had no legal capacity to sue and were not the proper parties plaintiff.

''2. That the trust agreement was in effect a copartnership between the trustees and the shareholders, and there was not a compliance with section 2466 of the Civil Code as to the filing and publication of the certificate of fictitious name.

''3. That if said association did not constitute a copartnership it was an unincorporated association of individuals doing business under a fictitious name without having filed and published a certificate as required by section 2466 of the Civil Code.

''4. That the defendant, as guarantor under the contract with plaintiff, was discharged by the negligence of the plaintiffs.

''5. That plaintiffs by their laches and negligence failed to minimize the damages by refusing to notify defendant of the whereabouts of the automobile.''

We have considered the various contentions advanced by appellants and find there is no merit in any of them. The judgment, accordingly, is affirmed.

Conrey, P. J., and York, J., concurred.